# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 4623 | DATE | DEC. ⃝, 2000 |
| CASE TITLE | JERRY OGBORN v. UNITED FOOD AND COMMERCIAL WORKERS, LOCAL NO. 881, and STEVEN POWELL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' bill of costs is denied without prejudice. Defendants' amended bill of costs is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff in the amount of $4,371.01 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | DEC -7 2000 | |
| | Notified counsel by telephone. | | date docketed | 79 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC -6 PM 3:07 | DEC. 6, 2000 | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY OGBORN,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL
WORKERS, LOCAL NO. 881,
and STEVEN POWELL,

    Defendants.

**DOCKETED**

DEC - 7 2000

No. 98 C 4623

## MEMORANDUM OPINION AND ORDER

On September 21, 2000, defendants' motion for summary judgment was granted and the Clerk of the Court was directed to enter judgment in favor of defendants and against plaintiff. On September 22, the Clerk issued the judgment. The judgment was entered on the docket on September 25. On Wednesday, October 25, 2000, defendant submitted their bill of costs. Defendants used the form bill of costs (AO 133 (Rev. 9/89)). They did not attach anything to the bill of costs, but their attorney signed the declaration contained on the form. The costs requested totaled $3,999.23, consisting of $70.00 for serving subpoenas, $3,435.32 for transcript costs, $459.91 for copying costs, and $34.00 for copying an audiotape. The next day, defendants submitted an



amended bill of costs for a slightly higher total amount, but less for copying costs. In the amended bill, defendants request a total of $4,371.01, consisting of $140.00 for serving subpoenas, $3,840.85 for transcript costs, $356.16 for copying costs, and $34.00 for copying an audiotape. The declaration on the form is again signed by the attorney for defendants.

Plaintiff objects to the bill of costs on the ground that it is untimely. Plaintiff makes no objection to any of the amounts claimed. In their response, defendants concede the bill is untimely, but request an extension of time premised on excusable neglect in accordance with Fed. R. Civ. P. 6(b)(2).

Local Rule 54.1(a)[1] provides: "Within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill." Rule 6(b)(2) of the Federal Rules of Civil Procedure provides that, after time has expired, an extension of time may be obtained if the failure to act was the result of excusable neglect. Rule 6(b)(2) applies to time limits contained in the Federal Rules of Civil Procedure

---

[1] Local Rule 54.1(a) was previously numbered as Local General Rule 45(a).

and those set "by order of court."[2] Because the bill of costs is otherwise found to be timely, it is unnecessary to determine whether Fed. R. Civ. P. 6(b)(2) applies to the time limit of Local Rule 54.1(a), which has an express provision regarding extensions prior to expiration of the time limit contained therein but has no express provision regarding extensions after the time limit has expired. Compare Kallay v. Community National Life Insurance Co., 52 F.R.D. 139, 142 (N.D. Okla. 1971) with Townsend Engineering Co. v. HiTec Co., 117 F.R.D. 612, 614 (N.D. Ill. 1987), and Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 473 n.1 (Local court rules) (2d ed. 1987). Also, no opinion is expressed regarding whether defendants' situation would constitute excusable neglect under Fed. R. Civ. P. 6(b)(2).

Both sides' contentions are off point because both sides incorrectly assume that the judgment was entered the same day it was dated. However, the record clearly reflects that the judgment was not entered until September 25.[3] Therefore, pursuant to Local Rule 54.1(a), defendants' bill of costs was due 30 days thereafter, which was Wednesday, October 25, 2000. See

---

[2] By comparison, Fed. R. Civ. P. 6(a) applies to time limits set by the Federal Rules of Civil Procedure, "by the local rules of any district court, by order of court, or by any applicable statute." This implies that a local rule is not necessarily an "order of court."

[3] Even the copy of the judgment that is attached as Exhibit A of defendants' response to plaintiff's objections contains the stamp noting that it was docketed on September 25.

Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 221-23 (7th Cir. 1988). Defendants' initial bill of costs was submitted on that day. The initial bill of costs did not contain any supporting documentation, but no supporting documentation is required, only an affidavit.[4] 28 U.S.C. § 1924; Sullivan v. Cheshier, 991 F. Supp. 999, 1001 (N.D. Ill. 1998); Piraino v. International Orientation Resource, 1997 WL 222948 *2 (N.D. Ill. April 30, 1997). And even the affidavit may be submitted subsequent to the submission of the bill of costs. See 28 U.S.C. § 1924 ("[b]efore any bill of costs is taxed," the affidavit must be attached); Sullivan, supra; Piraino, supra. The initial bill of costs was timely when submitted on October 25. Since the initial bill was timely, the amendment filed the next day is also timely. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1410 (7th Cir. 1991); Sullivan, supra; Piraino, supra; Howard v. Campbell Soup Co., 1985 WL 1355 *1 (N.D. Ill. May 15, 1985).

Defendants' bill of costs is timely. Since plaintiff does not raise any other objection, costs will be awarded in the amount requested in the amended bill of costs.

IT IS THEREFORE ORDERED that defendants' bill of costs is denied without prejudice. Defendants' amended bill of costs is granted. The Clerk of the Court is directed to enter judgment in

---

[4]The declaration contained on the standard form may be substituted for an affidavit. See 28 U.S.C. § 1746.

favor of defendants and against plaintiff in the amount of $4,371.01 in costs.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 6, 2000